UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PETER ROSE,<br><br>                    Plaintiff,<br>v.<br><br>JOHN DOWD,<br><br>                    Defendant. | C.A. No. 2:16-cv-03681-PBT<br>ECF case |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S
## THIRD SET OF REQUESTS FOR ADMISSIONS

Plaintiff Peter Rose ("Plaintiff" or "Rose"), by his attorneys, Eaton & Van Winkle LLP and the Law Offices of August J. Ober, IV & Assoc., pursuant to Rule 36 of the Federal Rules of Civil Procedure ("FRCP"), responds to Defendant John Dowd's ("Defendant" or "Dowd") third set of requests for admissions (the "Requests") as follows:

### SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1:** Admit that James Reston, Jr., stated the following about you on page 115 of his book, *Collision at Home Plate: The Lives of Pete Rose and Bart Giamatti*: "For a time after he was out of high school and in the minor leagues, his steady girlfriend was a fourteen-year-old with a sensational body, a fact that occasioned considerable gossip and not a small amount of envy at Western Hills High School."

Response: Plaintiff objects to this request as improper inasmuch as it purports to impose upon him duties beyond those of Rule 36 of the FRCP including, but not limited to, independently procuring a book and reviewing and authenticating some of its contents inasmuch as Exhibit A to the Requests is not authenticated in accordance with Article IX of the Federal Rules of Evidence. Subject to the foregoing objections, Plaintiff has no personal knowledge of the matter Defendant seeks to have admitted, the book to which Defendant refers is not in

Plaintiff's possession, custody or control, and Plaintiff has made reasonable inquiry but cannot truthfully admit or deny the existence of any particular statement made within that book.

**REQUEST NO. 2:** Admit that the child referenced in the Reston Passage was your girlfriend when she was 14 years old and you were 18 years old or older.

Response: Plaintiff objects to this request as being erroneously predicated on the admission of a fact, *to wit*, the existence of a statement in a particular book, which Plaintiff could neither admit nor deny in the first instance. Plaintiff further objects to this request as resting on a false premise, namely the truth of the facts asserted in the purported statement. Plaintiff further objects to this request as referring to and relying on a purported statement which is, on its face, vague and ambiguous. Subject to Plaintiff's prior responses and the foregoing objections, Plaintiff cannot truthfully admit or deny the request as framed because for a time after he was out of high school and in the minor leagues, he did not have a steady girlfriend who was fourteen years old, consequently there was no such person as the one purportedly referenced in the "Reston Passage".

**REQUEST NO. 3:** Admit that the child referenced in the Reston Passage was your girlfriend when she was 15 years old and you were 18 years old or older.

Response: Plaintiff objects to this request as being erroneously predicated on the admission of a fact, *to wit*, the existence of a statement in a particular book, which Plaintiff could neither admit nor deny in the first instance. Plaintiff further objects to this request as resting on a false premise, namely the truth of the facts asserted in that purported statement. Plaintiff further objects to this request as referring to and relying on a purported statement which is, on its face, vague and

ambiguous. Subject to Plaintiff's prior responses and the foregoing objections, Plaintiff cannot truthfully admit or deny the request as framed because Plaintiff denies that there was any such person as the one purportedly referenced in the "Reston Passage".

**REQUEST NO. 4:** Admit that you had sex with the child referenced in the Reston Passage when she was 14 years old and you were 18 years old or older.

Response: Plaintiff objects to this request as being erroneously predicated on the admission of a fact, *to wit*, the existence of a statement in a particular book, which Plaintiff could neither admit nor deny in the first instance. Plaintiff further objects to this request as resting on a false premise, namely the truth of the facts asserted in that purported statement. Plaintiff further objects to this request as referring to and relying on a purported statement which is, on its face, vague and ambiguous. Subject to Plaintiff's prior responses and the foregoing objections, Plaintiff cannot truthfully admit or deny the request as framed because Plaintiff denies that there was any such person as the one purportedly referenced in the "Reston Passage".

**REQUEST NO. 5:** Admit that you had sex with the child referenced in the Reston Passage when she was 15 years old and you were 18 years old or older.

Response: Plaintiff objects to this request as being erroneously predicated on the admission of a fact, *to wit*, the existence of a statement in a particular book, which Plaintiff could neither admit nor deny in the first instance. Plaintiff further objects to this request as resting on a false premise, namely the truth of the facts asserted in that purported statement. Plaintiff further objects to this request as referring to and relying on a purported statement which is, on its face, vague and

3

ambiguous. Subject to Plaintiff's prior responses and the foregoing objections, Plaintiff cannot truthfully admit or deny the request as framed because Plaintiff denies that there was any such person as the one purportedly referenced in the "Reston Passage".

**REQUEST NO. 6:** Admit that you engaged in other sexual conduct with the child referenced in the Reston Passage when she was 14 years old and you were 18 years old or older.

Response: Plaintiff objects to this request as being erroneously predicated on the admission of a fact, *to wit*, the existence of a statement in a particular book, which Plaintiff could neither admit nor deny in the first instance. Plaintiff further objects to this request as resting on a false premise, namely the truth of the facts asserted in that purported statement. Plaintiff further objects to this request as referring to and relying on a purported statement which is, on its face, vague and ambiguous. Subject to Plaintiff's prior responses and the foregoing objections, Plaintiff cannot truthfully admit or deny the request as framed because Plaintiff denies that there was any such person as the one purportedly referenced in the "Reston Passage".

**REQUEST NO. 7:** Admit that you engaged in other sexual conduct with the child referenced in the Reston Passage when she was 15 years old and you were 18 years old or older.

Response: Plaintiff objects to this request as being erroneously predicated on the admission of a fact, *to wit*, the existence of a statement in a particular book, which Plaintiff could neither admit nor deny in the first instance. Plaintiff further objects to this request as resting on a false premise, namely the truth of the facts asserted in that purported statement. Plaintiff further objects to this request as

referring to and relying on a purported statement which is, on its face, vague and ambiguous. Subject to Plaintiff's prior responses and the foregoing objections, Plaintiff cannot truthfully admit or deny the request as framed because Plaintiff denies that there was any such person as the one purportedly referenced in the "Reston Passage".

**REQUEST NO. 8:** Admit that you did not sue James Reston, Jr., or anyone else based on the Reston Passage.

Response: Plaintiff objects to this request as being erroneously predicated on the admission of a fact, *to wit*, the existence of a statement in a particular book (*i.e.*, the "Reston Passage"), which Plaintiff could neither admit nor deny in the first instance. Subject to Plaintiff's prior responses and the foregoing objections, Plaintiff can admit only that he did not sue James Reston, Jr.

Dated: May 10, 2017

A.J. OBER, IV, ESQ.
Law Offices of August J. Ober, IV
& Assoc.

27 S. Darlington St.
West Chester, PA 19382
(215) 779-3433

EATON & VAN WINKLE LLP

By: _____
Joseph Johnson
Admitted *Pro Hac Vice*

Three Park Avenue, 16th Floor
New York, New York 10016
Tel:   (212) 779-9910

*Attorneys for Plaintiff Peter Rose*

5