IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PETER ROSE,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| v. | : | |
| | : | NO. 16-3681 |
| **JOHN DOWD,** | : | |
| | : | |
| **Defendant.** | : | |

### ORDER

**AND NOW**, this __11th____day of December, 2017, upon consideration of Plaintiff Peter Rose's Motion to Compel the Completion of Defendant John Dowd's Deposition (Doc. 47) and Defendant's Opposition to Plaintiff's Motion to Compel (Doc. 49), **IT IS HEREBY ORDERED AND DECREED** that Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART**[1] as follows:

---

[1]     Plaintiff moves the Court to (1) compel the deposition testimony of Defendant pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(i), and (2) award attorneys' fees to Plaintiff pursuant to Federal Rule of Civil Procedure 37(a)(5). Plaintiff argues that Defendant's counsel improperly instructed Defendant to not answer questions about facts of the investigation that is being conducted on Defendant's behalf. Defendant opposes Plaintiff's motion for two reasons. First, Defendant argues that Plaintiff's counsel's questions are prohibited by the attorney-client privilege because everything Defendant knows about the investigation was told to him by his counsel or by Defendant's investigators. Second, Defendant argues that the information that Plaintiff seeks is protected by the work product doctrine, as it reflects work performed by Defendant's counsel and Defendant's investigators in anticipation of litigation.

"A party seeking discovery may move for an order compelling an answer . . . [if] . . . a deponent fails to answer a question asked under Rule 30 or 31." Fed.R.Civ.P. 37(a)(3)(B)(i). "If the motion is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion." Fed.R.Civ.P. 37(a)(5)(A).

A party asserting an objection based on privilege or work product doctrine has the burden of establishing the existence of the privilege or doctrine. *Stabilus, A Div. of Fichtel & Sach Inds.,*

1. To the extent that Plaintiff's counsel's questions seek relevant, non-privileged facts learned from discussions with counsel, and do not seek Defendant's counsel's "mental impressions, conclusions, opinions, or legal theories," the questions must be answered; and

2. The request for attorneys' fees is **DENIED**.


**BY THE COURT:**

**/s/ Petrese B. Tucker**
_____
**Hon. Petrese B. Tucker, U.S.D.J.**

---

*Inc. v. Haynsworth, Baldwin, Johnson and Greaves, P.A.*, 144 F.R.D. 258, 267–68 (E.D. Pa. 1992). "A general, unspecified objection . . . on the ground of work product or attorney-client privilege is insufficient and improper." *Id.* at 268. "There is simply nothing wrong with asking for facts from a deponent even though those facts may have been communicated to the deponent by the deponent's counsel." *State Farm Mutual Automobile Ins. Co. v. New Horizont, Inc.*, 250 F.R.D. 203, 214 (2008). An instruction to not respond is improper if the questions asked do not demand the mental impressions, conclusions, opinions, or legal theories of the party's attorney. *See id.* at 215. Though questions relating to information obtained by a party solely from his attorney may be improper, "[i]t should be emphasized that only the communication itself is privileged; the underlying facts . . . as well as the factual circumstances surrounding the attorney-client relationship . . . are discoverable." *Stabilus*, 144 F.R.D. at 268.

As articulated by the Third Circuit: "[f]acts are discoverable, the legal conclusions regarding those facts are not. A litigant cannot shield from discovery the knowledge it possessed by claiming it has been communicated to a lawyer; nor can a litigant refuse to disclose facts simply because that information came from a lawyer." *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 864 (3d Cir. 1994).

Accordingly, the Court finds that to the extent that Plaintiff's counsel's questions did not seek Defendant's counsel's "mental impressions, conclusions, opinions, or legal theories," Defendant's counsel improperly instructed Defendant to not answer questions about facts of the investigation that is being conducted on Defendant's behalf. Therefore, the Court grants, in part, Plaintiff's motion as outlined above.